IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv463
(3:05cr317)

PABLO TRUJILLO-GUDINO, )
)
Petitioner, )
)
v. ) ORDER
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____)

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1); the Government's Response (Doc. No. 5) and Motion for Summary Judgment (Doc. No. 7); and Petitioner's Traverse (Doc. No. 8).

I. PROCEDURAL BACKGROUND

On August 24, 2005, Petitioner was indicted for conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, (Count One) and possession with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(a), and 18 U.S.C. § 2, (Counts Two and Three). (Case No. 3:05cr317, Doc. No. 1: Indictment). On the day scheduled for trial, Petitioner filed a written plea agreement wherein he admitted guilt to Counts One and Three in exchange for dismissal of Count Two. (Case No. 3:05cr317-1, Doc. No. 40 at 1). This Court accepted the plea after conducting a Fed. R. Crim. P. 11 hearing. (Case No. 3:05cr317, Doc. No. 64: Plea H'rg Tr. at 17-18).

The Court sentenced Petitioner on January 25, 2007, to 151 months' imprisonment on each count to be served concurrently.[1] (Case No. 3:05cr317, Doc. No. 40: Plea Agreement at 2; Doc. No. 50: Judgment at 2; Doc. No. 51: Statement of Reasons at 1). Petitioner filed a direct appeal (Case No. 3:05cr317, Doc. No. 52: Notice of Appeal) claiming ineffective assistance of counsel, which was denied by the Fourth Circuit, United States v. Trujillo-Gudino, 241 F. App'x 995 (2007). Petitioner did not file a petition in the Supreme Court for a writ of certiorari, but timely filed the instant Motion to Vacate. (Doc. No. 1).

II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after this initial review, a court must direct the Government to respond. Id. A court then reviews the Government's answer and any additional materials submitted by the parties— including affidavits—to determine whether an evidentiary hearing is necessary. Rule 8(a). A district court may dismiss a petitioner's claim without an evidentiary hearing when the pleadings and additional materials submitted by the parties conclusively show that he is not entitled to relief on any of his § 2255 claims. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Furthermore, summary judgment for the Government is appropriate when the pleadings and additional materials, viewed in the light most favorable to a petitioner, present no genuine issues of material fact that could lead a rational trier of fact to find that a petitioner is entitled to

---

[1] The sentence was within the advisory guidelines range using the stipulations in the plea agreement.

2

relief. See United States v. St. Germain, 76 F.3d 376, 1996 WL 43578, at *1 (4th Cir. Feb. 5, 1996) (unpublished) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986), in applying standard for summary judgment in a § 2255 proceeding). Following a review of the entire record in the light most favorable to Petitioner, the Court finds that no genuine issue of material fact exists such that a rational trier of fact could determine that Petitioner is entitled to relief on any of his claims. Thus, a hearing is not required, Petitioner's Motion to Vacate will be denied and dismissed, and summary judgment will be granted in favor of the Government.

III. DISCUSSION

Petitioner alleges three grounds for relief. First, he claims that his guilty plea was not knowingly or voluntarily entered. (Doc. No. 1: Motion at 5; Doc. No. 1-1: Mem. at 5). Second, he claims that his trial counsel was ineffective for failing to advocate his innocence, to seek withdrawal of his plea, and to object to sentencing enhancements and drug amounts in the presentence report (PSR).[2] (Doc. No. 1: Motion at 6; Doc. No. 1-1: Mem. at 8). Third, he claims that his appellate counsel was ineffective for failing to argue for withdrawal of the plea. (Doc. No. 1: Motion at 8; Doc. No. 1-1: Mem. at 11).

A. Validity of Guilty Plea

In support of his motion to vacate, Petitioner submitted an affidavit in which he swears

---

[2] In his response to the Government's Motion for Summary Judgment, Petitioner adds to his claims of ineffective assistance of counsel. (Doc. No. 8: Traverse at 4-8). They relate to the amount of time counsel spent with Petitioner, the translation of the plea agreement into Spanish, and the denial of a reduction for acceptance of responsibility. These claims are entirely new and will be denied as untimely. See Mayle v. Felix, 545 U.S. 644, 664 (2005) (a proposed habeas claim does not relate back, and thereby avoid the one-year statute of limitations, when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading); see also United States v. Duffus, 174 F.3d 333, 337-38 (3d Cir. 1999) (holding that a claim of ineffective assistance for failure to move for suppression did not relate back to several other ineffective assistance of counsel claims in original motion).

that trial counsel failed to advise him of the law, that his guilty plea was coerced, and that he would have gone to trial if he had fully understood the consequences of his guilty plea. (Doc. No. 2-1: Affidavit of Pablo Trujillo-Gudino).

The law is well settled that a guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). Thus, a plea may be invalid if it was induced by threats or misrepresentations. Brady v. United States, 397 U.S. 742, 755 (1970). However, once a trial court properly conducts a Rule 11 colloquy and finds that the plea was freely and intelligently entered, absent compelling reasons to the contrary, the validity of the plea and a defendant's corresponding guilt are deemed to be conclusively established. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167, 171 (4th Cir. 1981).

Indeed, a defendant's plea and statements made during his Rule 11 hearing "constitute a formidable barrier" to their subsequent attack. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); accord United States v. Lemaster, 403 F.3d 216, 221-23 (4th Cir. 2005) (affirming summary dismissal of § 2255 motion alleging claims inconsistent with statements made during Rule 11 hearing); Fields v. Attorney General of State of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992) ("[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy" ); United States v. Defusco, 949 F.2d 114, 119 (4th Cir. 1991) (holding that statements made during Rule 11 hearing constitute strong evidence of the voluntariness of a plea).

The Court conducted an extensive plea colloquy according to Fed. R. Crim. P. 11, during which the maximum and minimum punishments, essential terms of the plea agreement, and consequences of the plea were explained and translated into the Spanish language. (Case No.

4

3:05cr317, Doc. No. 64: Plea Hr'g Tr. at 5-10). Petitioner made numerous statements under oath, including that he consulted with his attorney and that he understood the proceedings, the rights that he was giving up, and the possible sentence he would face, which could be more severe than he expected. (Id. at 3-4, 10-12). Several times during the hearing, and even after the government recited a lengthy factual basis for the plea, Petitioner affirmed that he desired to plead guilty to Counts One and Three.[3] (Id. at 3, 12, 17). He stated that no one had forced or intimidated him to enter a plea, that he had enough time to discuss possible defenses with his attorney, and that he was satisfied with counsel's services. (Id. at 16-17).

Petitioner's affidavit and factual assertions in his response to the Government's motion for summary judgment are insufficient to contradict this substantial record of the knowing and voluntary nature of Petitioner's guilty plea. Additionally, the exchange between the Court and Petitioner was sufficient to inform him about the plea and its consequences even if counsel failed to do so. United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995). Therefore, the record conclusively shows that Petitioner is not entitled to relief on the claim that his plea was not knowing and voluntary.

      B.      Ineffective Assistance of Trial Counsel

In his affidavit, Petitioner asserts that he would have gone to trial if he had fully understood the plea and its consequences. (Doc. No. 2-1: Affidavit of Pablo Trujillo-Gudino). He also claims that he was told facts about drug amounts and other factors would not apply.[4]

---

[3] It was not until sentencing and the PSR calculated a higher sentence than that contemplated in the plea agreement that Petitioner made assertions about his innocence. (Case No. 3:05cr317, Doc. No. 65: Sent. Hr'g Tr. at 6). Even so, the Court accepted the parties' stipulated drug quantity and sentenced Petitioner within the advisory guidelines range contemplated by the agreement. (Id. at 5).

[4] The stipulated drug quantity was the only fact used to enhance the defendant's sentence. (PSR at 6; Case No. 3:05cr317-1, Doc. No. 51: Statement of Reasons at 1).

5

Ineffective assistance of counsel claims are governed Strickland v. Washington, 466 U.S. 668, 687-91 (1984), in which the Supreme Court held that a petitioner must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by such constitutionally deficient representation. In a case involving a guilty plea, no prejudice exists unless "there is a reasonable probability that, but for counsel's errors, [a petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). In order to establish prejudice at sentencing, a petitioner must show that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Strickland 466 U.S. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.1995). A petitioner bears the burden of proving Strickland prejudice, and in its absence a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290.

Petitioner's claims about his trial counsel's performance are clearly contradicted by the record in this case.[5] He claims that trial counsel failed to advocate Petitioner's innocence. However, there is no evidence showing that counsel was unprepared for trial on the day that Petitioner informed the Court that he was guilty of Counts One and Three. Thus, counsel had no

---

[5] Even if the Court were to reach the additional claims of ineffective assistance of counsel detailed in Petitioner's response to the Government's Motion for Summary Judgment (Doc. No. 8: Traverse), the Court would find that they are contradicted by the record as well. At the Rule 11 hearing, Petitioner affirmed that he had enough time to discuss possible defenses with his counsel. (Case No. 3:05cr317, Doc. No. 64: Plea Hr'g Tr. at 16). Additionally, the terms of the plea agreement were explained at the hearing and translated into Spanish and the defendant had no question about them. (Id. at 5-10). Finally, the defendant received the benefit of the two-point reduction for acceptance of responsibility called for in the plea agreement, and the plea agreement did not guarantee a ten-year sentence. (Id. at 6; Case No. 3:05cr317, Doc. No. 40: Plea Agreement at 1-2; Case No. 3:05cr317, Doc. No. 65: Sent. Hr'g Tr. at 5).

opportunity or reason to advocate Petitioner's alleged innocence. Additionally, pursuant to Fed. R. Crim. P. 11(d)(2)(B), Petitioner has not shown any "fair and just" reason to justify withdrawing his plea, so there is no reasonable probability that the outcome of the proceeding would have been different had such a motion been made.[6] Finally, trial counsel was successful in convincing the Court to accept the stipulated drug quantity rather than the higher amount reflected in the PSR; therefore, the sentence was more lenient based on counsel's performance. Accordingly, the record conclusively shows that Petitioner is not entitled to an evidentiary hearing on his claims of ineffective assistance of trial counsel.

### C. Ineffective Assistance of Appellate Counsel

The details above regarding trial counsel's performance support appellate counsel's decision not to argue for withdrawal of Petitioner's plea on appeal. It is highly unlikely that appellate counsel could have shown plain error, which would have been required since Petitioner did not move to withdraw his plea in district court. See United States v. Vonn, 535 U.S. 55, 58 (2002) (unobjected-to error in guilty plea subject to review for plain error). Thus, the record conclusively shows that Petitioner is not entitled to an evidentiary hearing on the claim that appellate counsel was ineffective for failing to raise the issue of plea withdrawal on appeal.

## IV. CONCLUSION

After reviewing the entire record in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to relief on any of his claims.

---

[6] None of the six factors detailed in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), weigh in favor of allowing withdrawal of Petitioner's plea.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion for Summary Judgment (Doc. No. 7) is **GRANTED**;

2. Petitioner's Motion to Vacate (Doc. No. 1) is **DENIED** and **DISMISSED;** and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: August 12, 2010

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge